IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS A. MARTINEZ, | No. C 12-02918 EJD (PR) |
| Petitioner, | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| vs. | |
| THE STATE OF CALIFORNIA, | |
| Respondent. | |

Petitioner, a state prisoner incarcerated at the California Substance Abuse Treatment Facility, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state conviction. Petitioner has paid the filing fee.

**BACKGROUND**

According to the petition, Petitioner was found guilty after trial in Contra Costa County of committing corporal injury on a spouse and inflicting great bodily injury while committing domestic violence. (Pet. 1.) On February 18, 2011, Petitioner was sentenced to seven years in state prison. (Id.)

Petitioner appealed the conviction; the state appellate court affirmed the conviction and the state high court denied review on February 29, 2012. (Id. at 2.) Petitioner initiated the instant federal habeas action on April 2, 2012.

Order Denying IFP
02918Martinez_dwlta.wpd

**DISCUSSION**

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B. <u>Legal Claims</u>

Petitioner claims the following as grounds for federal habeas relief: (1) the trial court erred by allowing prior bad acts to be admitted into evidence; (2) the victim, Petitioner's wife, was unduly influenced by the prosecution; (3) state rules of court were violated on appeal; and (4) Petitioner does not speak English and did not understand the proceedings.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. <u>See</u> 28 U.S.C. § 2254(b)-(c). Before he may challenge either the fact or length of his confinement in a habeas petition in this Court, Petitioner must present to the California Supreme Court any claims he wishes to raise in this court. <u>See</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. <u>See id.</u>, 455 U.S. at 510; <u>Guizar v. Estelle</u>, 843 F.2d 371, 372 (9th Cir. 1988).

Petitioner's first claim regarding the admission of evidence was presented on direct appeal to the California Supreme Court and is properly exhausted. However, it

does not appear Petitioner's remaining claims were exhausted. Petitioner indicates in the petition that he did not file post-conviction motions or petitions with respect to the remaining claims and they were not presented on direct appeal to the California Supreme Court.

Because Petitioner's federal petition contains both exhausted and unexhausted claims, it is a "mixed" petition. See Rhines v. Weber, 544 U.S. 269, 277 (2005). The general rule is that a federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. See Rose v. Lundy, 455 U.S. 509, 522 (1982).

In the interest of justice, Petitioner shall be given an opportunity to file an amended petition. Petitioner must demonstrate that all the claims have been exhausted, present only exhausted claims or request a stay to exhaust the remaining claims.

## CONCLUSION

For the foregoing reasons,

1. The petition is DISMISSED with leave to amend. Petitioner must, within **twenty-eight (28) days** of the date this order is filed, file an amended petition challenging the lawfulness of the state conviction for which he is currently incarcerated. See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982). The amended petition must include the caption and civil case number used in this order, No. C 12-02918 EJD (PR), and must include the words **AMENDED PETITION** on the first page.

**Failure to file a timely response in accordance with this order will result in the dismissal of this action without prejudice and without further notice to Petitioner.**

The Clerk shall include two copies of the court's form petition with a copy of this order to Petitioner.

DATED: 12/11/2012

EDWARD J. DAVILA
United States District Judge

Order Denying IFP
02918Martinez_dwlta.wpd

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS A. MARTINEZ, | Case Number CV 12-02918 EJD (PR) |
| Petitioner, | |
| v. | **CERTIFICATE OF SERVICE** |
| THE STATE OF CALIFORNIA, | |
| Respondent. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____12/12/2012_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) inter-office delivery receptacle located in the Clerk's office.

**Luis A. Martinez**, AH-2272
CSATF
PO BOX 7100
900 QUEBEC ROAD
CORCORAN, CA 93212-7100


DATED: ____12/12/2012____

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk